IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS WINLAND; SHERRY JEAN | ) | |
| HETZ; LARRY HART, Lee County Tax | ) | |
| Collector; NEWLINE HOLDINGS, LLC; | ) | |
| DABTLC5, LLC; and the STATE OF | ) | |
| FLORIDA; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, the United States of America, by and through undersigned counsel, complains and alleges as follows:

1.      The United States brings this civil action to reduce to judgment Douglas Winland's unpaid federal income tax liabilities for the tax years 1998 through 2006. Additionally, the United States seeks to foreclose federal tax liens that encumber real property held by the taxpayer's nominee and/or transferee; sell the property free and clear of the liens and claims of the parties to this action; and distribute the proceeds in conformity with the findings of this Court.

## AUTHORIZATION

2.      This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States in accordance with 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 (internal revenue laws) and 1345 (United States as plaintiff), and 26 U.S.C. § 7402(a) (render judgments).

4.      Pursuant to 28 U.S.C. §§ 1391(b) and 1396, venue is proper in this Court because the real property at issue is located in Cape Coral, Florida, Douglas Winland resided at this property prior to his incarceration, and a substantial part of the events or omissions giving rise to the United States' claims occurred in this district.

## SUBJECT PROPERTY

5.      The United States seeks to foreclose federal tax liens attached to a single family residence located at 3510 NW 47th Street, Cape Coral, Florida 33993.

## PARTIES

6.      Douglas Winland is currently serving a 20 year sentence with the Florida Department of Corrections for attempted second degree murder. Prior to his incarceration, Winland resided in Cape Coral, Florida in the Subject Property. He is named as a defendant in this action because he has not paid his federal tax assessments, and as a result, federal tax liens encumber the Subject Property.

7.      Sherry Jean Hetz is Winland's ex-girlfriend. She currently lives in, and holds title to, the Subject Property. She is named as a defendant is this suit because she is the nominee and/or fraudulent transferee of Winland, and pursuant to 26 U.S.C. § 7403(b) she may claim an interest in the Subject Property.

8.      Larry Hart, the Lee County Tax Collector, is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because his office may claim an interest in the Subject Property as the result of unpaid property taxes.

9.      Newline Holdings, LLC is the certificate holder of the Subject Property's delinquent property tax for the 2015 tax year. It is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property based on the certificate.

10.      DABTLC5, LLC is the certificate holder of the Subject Property's delinquent property tax for the 2014 tax year. It is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property based on the certificate.

11.      The State of Florida recorded a judgment against Winland in April 2012 relating to his public defense attorney costs. It is named as a defendant in this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property based on that judgment.

**COUNT I – REDUCE FEDERAL INCOME TAX LIABILITIES TO JUDGMENT**

12.      The United States incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully and separately restated herein.

13.      The Service examined Winland's federal income tax returns for the tax years 1998 through 2005 and identified deficiencies in, and additions to, tax due for each year. Winland did not pay the assessed liabilities in full.

14.      For the 2006 tax year, Winland filed a return reporting income tax liabilities but failed to pay the reported liabilities in full.

15.     On the dates and in the amounts set forth below, a delegate of the Secretary of the

Treasury assessed income taxes, plus penalties and interest, against Winland:

| Tax Year | Date of Assessment | Amount Assessed | | |
|---|---|---|---|---|
| | | Tax | Interest | Penalties |
| 1998 | 9/17/2007 | $8,393 (by exam) | $12,173.46 | $3,246.73 (late filing) $2,121.60 (accuracy) |
| | 3/28/2011 | | | $2,192.65 (failure to pay) |
| 1999 | 9/10/2007 | $93,981 (by exam) | $85,526.33 | $23,722.80 (late filing) $18,922.60 (accuracy) |
| | 3/28/2011 | | | $23,066.12 (failure to pay) |
| 2000 | 9/10/2007 | $88,415 (by exam) | $62,138.02 | $22,209.03 (late filing) $17,683 (accuracy) |
| | 3/28/2011 | | | $21,379.22 (failure to pay) |
| 2001 | 9/10/2007 | $85,947 (by exam) | $47,986.58 | $21,486.75 (late filing) $17,189.40 (accuracy) |
| | 3/28/2011 | | | $21,486.74 (failure to pay) |
| 2002 | 9/10/2007 | $27,348 (by exam) | $12,544.96 | $6,322 (late filing) $5,908.20 (accuracy) |
| | 3/28/2011 | | | $7,385.25 (failure to pay) |
| 2003 | 9/10/2007 | $19,962 (by exam) | $7,284.94 | $5,135.82 (late filing) $3,992.40 (accuracy) |
| | 3/28/2011 | | | $5,027.47 (failure to pay) |
| 2004 | 8/24/2009 | $654 (by exam) | $500.73 | $214 (accuracy) $159.50 (failure to pay) |
| | 3/28/2011 | | | $277.68 (failure to pay) |
| | 3/26/2012 | | | $97.56 (failure to pay) |
| 2005 | 8/24/2009 | $4,833 (by exam) | $1,322.26 | $567 (accuracy) |
| | 3/28/2011 | | | $1,048.02 (failure to pay) |
| | 3/26/2012 | | | $368.22 (failure to pay) |
| 2006 | 11/19/2007 | $6,007 (by return) | $200.40 | $110.25 (estimated tax) $154.81 (failure to pay) |
| | 3/28/2011 | | | $38.50 (failure to pay) |

16.     A delegate of the Secretary of Treasury issued Winland notices and demands for

payment of the assessments described in paragraph 15.

17.     Despite these notices and demands for payment, Winland has failed to pay his

federal income tax liabilities in full.

18.    As of October 31, 2016, Winland owed the United States $1,099,119.76 for his unpaid federal income tax liabilities for tax years 1998 through 2006. Interest, penalties, and statutory additions continue to accrue until the liabilities are paid in full.

## COUNT II – FORECLOSE FEDERAL TAX LIENS ON SUBJECT PROPERTY

19.    The United States incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully and separately restated herein.

20.    Federal tax liens arose on the dates of assessment detailed in paragraph 15 and attached to all of Winland's property and rights to property.

21.    In 2007 — when the Service assessed income tax liabilities against Winland for the 1998 through 2003 and 2006 tax years — Winland owned and resided in a property in Howard County, Maryland. He was the only person listed on the property's title. Federal tax liens attached to the Maryland property upon assessment.

22.    On October 2, 2008 and November 23, 2009, a delegate of the Secretary for the Treasury filed notices of federal tax liens in Howard County, Maryland against Winland for unpaid tax liabilities from tax years 1998 through 2006.

23.    On or about January 24, 2008, Winland sold the Maryland property. On February 19, 2008, the sale's settlement agent issued three checks, totaling $188,246.43, to Winland: two for $4,000 and one in the amount of $180,246.43.

24.    Federal tax liens encumbered the proceeds from the sale of Maryland property.

25.    On February 21, 2008, Winland deposited $180,346.43 into a joint checking account shared with Hetz.

26.    On February 28, 2008, a check for $150,000 was drawn from Winland and Hetz's shared account. On or about the same day, $150,000 was deposited into a Certificate of Deposit (CD) owned by Hetz.

27.    The CD had a value of $152,390.60 as of October 10, 2008. It decreased by approximately $49,000 to $102,944.80 as of December 10, 2008.

28.    On or about December 19, 2008, Hetz redeemed the CD's proceeds and made two deposits into a personal checking account: one for $103,073.92 and the other for $40,000.

29.    On or about December 22, 2008, Winland and Hetz purchased the Subject Property for cash. Hetz wired the total due at closing — $120,289.33 — from her checking account.

30.    On December 23, 2008, a special warranty deed was recorded in Lee County, Florida listing "Sherry Jean Hetz, a single woman, and Douglas Keith Winland, a single man," as grantees of the Subject Property. The deed did not specify their respective interests.

31.    Upon purchase, federal tax liens arising from tax years 1998 through 2003 and 2006 attached to Winland's interest in the Subject Property.

32.    Because encumbered funds were used to purchase the Subject Property, federal tax liens arising from tax years 1998 through 2003 and 2006 attached to the entire Subject Property immediately upon acquisition notwithstanding Hetz's inclusion in the deed.

33.    Federal tax liens arising from tax years 2004 and 2005 attached to the Subject Property on their date of assessment: August 24, 2009.

34.    On October 29, 2009, Winland purported to transfer all his rights, title, and interest in the Subject Property to Hetz by quitclaim deed for a sum of $10.

35.     Federal tax liens followed the Subject Property — or, alternatively, Winland's interest in the Subject Property — into Hetz's hands.

36.     On May 7, 2014, a delegate of the Secretary for the Treasury filed a notice of federal tax lien in Lee County, Florida against Winland with respect to the Subject Property. The notice listed Winland's unpaid income tax liabilities for tax years 1998 through 2006.

37.     On December 9, 2014, a delegate for the Secretary for the Treasury filed a notice of federal tax lien in Lee County, Florida against Hetz as Winland's "Transferee and/or Nominee" with respect to the Subject Property. The notice listed Winland's unpaid income tax liabilities for tax years 1998 through 2006.

## COUNT III – IN THE ALTERNATIVE, SET ASIDE FRAUDULENT CONVEYANCES, AND FORECLOSE FEDERAL TAX LIENS ON THE PROPERTY

38.     The United States incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully and separately restated herein.

39.     In the alternative, pursuant to Fla. Stat. Ann. §§ 726.105 and 726.106, the Court should set aside Hetz's inclusion as a grantee on the Subject Property's December 23, 2008 Special Warranty Deed as fraudulent.

40.     The inclusion of Hetz as a purported grantee on the Subject Property's Special Warranty Deed was fraudulent under Fla. Stat. Ann. § 726.106 because:

a.   The purchase occurred after the United States' claim against Winland for federal income taxes arose.

b.   Winland did not receive a reasonably equivalent value in exchange for Hetz's interest in the Subject Property. Banking records suggest the purchase was funded, in whole or large part, with proceeds from the sale of Winland's Maryland property.

    c.  Winland was insolvent when Hetz acquired an interest in the Property, or became insolvent as a result, because his liabilities exceeded the value of his assets.

41.    The inclusion of Hetz as a purported grantee on the Subject Property's Special Warranty Deed was fraudulent under Fla. Stat. Ann. § 726.105 as evidenced by the following factors:

    a.  The transfer was made with the actual intent to hinder, delay, or defraud Winland's creditor, the United States.

    b.  Hetz was an insider: Winland's girlfriend.

    c.  Bank records suggest Winland transferred to Hetz the proceeds from the sale of his attached Maryland property. Hetz filtered the funds through a number of bank accounts in her name before using them, in whole or large part, to purchase the Subject Property on behalf of Winland and herself.

    d.  The transfer occurred at a time when Winland had incurred significant tax liabilities.

    e.  Winland was insolvent when Hetz acquired an interest in the Property, or became insolvent shortly thereafter, because his liabilities exceeded the value of his assets.

    f.  The Service sent Winland multiple notices of tax liabilities and demands for payment before he purchased the Subject Property.

42.    To the extent Hetz's inclusion as a purported grantee on the Subject Property's Special Warranty Deed was not fraudulent under Fla. Stat. Ann. §§ 726.105 and 726.106, federal

tax liens on Winland's titled share of the Subject Property followed that share into Hetz's

possession when Winland quitclaimed his interest in the Subject Property to Hetz.

## COUNT IV – IN THE ALTERNATIVE, DETERMINE HETZ HOLDS PROPERTY AS NOMINEE AND FORECLOSE FEDERAL TAX LIENS ON THE PROPERTY

43.　　The United States incorporates by reference the allegations contained in

paragraphs 1 through 42 as if fully and separately restated herein.

44.　　Hetz holds all or a portion of the Subject Property as the nominee of Winland as

evidenced by the following factors:

a. The Subject Property was acquired after substantial tax liabilities were assessed against Winland for the 1998 through 2003 and 2006 tax years

b. Winland and Hetz were romantically involved.

c. Bank records show Winland transferred to Hetz the proceeds from the sale of his attached Maryland property. Hetz filtered the funds through a number of bank accounts in her name before using them, in whole or large part, to purchase the Subject Property.

d. Hetz did not pay adequate consideration for her purported interest in the Subject Property at the time of its acquisition.

e. Winland quitclaimed his interest in Subject Property approximately two months after liabilities for the 2004 and 2005 tax years were assessed against him.

f. Hetz did not pay adequate consideration in exchange for Winland's quitclaim of any remaining interest to her.

g. Winland enjoyed the benefits of the Subject Property prior to being sentenced to prison.

**WHEREFORE**, the United States prays that this Court:

A.      Enter judgment in favor of the United States and against Douglas Winland for his unpaid federal income tax liabilities for 1998 through 2006 in the amount of $1,099,119.76, as of October 31, 2016, plus statutory additions and interest as allowed by law;

B.      Adjudge, order, and declare the Property was purchased with encumbered funds and, therefore, federal tax liens followed the funds and attached immediately to the Property;

C.      Order that, in the alternative, the conveyances of interest in the Subject Property to Sherry Jean Hetz were fraudulent under Florida law and will be set aside;

D.      Order that, in the alternative, Sherry Jean Hetz holds title to the Subject Property as the nominee of Douglas Winland;

E.      Decree that the federal tax liens of the United States attach to all property and property rights of Douglas Winland, including his interest in the Subject Property;

F.      Foreclose the federal tax liens and direct that the Subject Property be sold in satisfaction thereof according to law, free and clear of liens and claims of the parties herein;

G.      Determine the priority of the liens and/or claims of the parties to this suit to the Subject Property, and distribute the proceeds of sale accordingly;

H.      Direct that the proceeds distributed to the United States be applied to the unpaid federal tax liabilities of Winland as set forth in this Complaint; and

/ / /

/ / /

/ / /

/ / /

/ / /

I.      Award the United States its costs incurred in connection with this action, along

with such other relief as justice requires.


Dated: January 31, 2017                    Respectfully submitted,

                                           DAVID A. HUBBERT
                                           Acting Assistant Attorney General


                                           *Kari a R. Powell*
                                           KARI A.R. POWELL
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           P.O. Box 14198
                                           Ben Franklin Station
                                           Washington, D.C. 20044
                                           Tel: (202) 514-6068
                                           Fax: (202) 514-9868
                                           Kari.Powell@usdoj.gov