UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS WINLAND, SHERRY JEAN HETZ, NEWLINE HOLDINGS, LLC, LARRY HART, DABTLC5, LLC and STATE OF FLORIDA,

    Defendants.

Case No: 2:17-cv-63-FtM-38CM

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Entry of Default against Defendants Douglas Winland ("Winland"), Newline Holdings, LLC ("Newline"), DABTLC5, LLC ("DABTLC5") and the State of Florida (Doc. 28) filed on March 31, 2017. Plaintiff seeks a Clerk's entry of default as to Winland, Newline, DABTLC5, and the State of Florida. Doc. 28. On February 1, 2017, Plaintiff filed a Complaint against various defendants including Winland, Newline, DABTLC5, and the State of Florida. Doc. 1. Plaintiff filed a Proof of Service as to Newline on February 15, 2017, a Proof of Service as to the State of Florida on February 23, 2017, an Affidavit of Service as to DABTLC5 on March 3, 2017, and a Return of Service as to Winland on March 9, 2017. Docs. 13, 16, 17, 22.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to Winland, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Alternatively, the Court may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, the Return of Service states that on March 3, 2017, A.J. Smith, a sheriff for Franklin County, Florida, delivered a copy of the Summons, the Complaint, and a Proof of Service to Winland at 1760 HWY 67 North, Carrabelle, FL 32322. Doc. 22. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e). Fed. R. Civ. P. 4(e)(2)(A).

With regard to Newline and DABTLC5, service on a corporation, partnership, or other unincorporated association that is subject to suit under common name, can be made by any manner accepted in the state where the district court is located or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1); *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (stating that a Plaintiff may serve process on a limited liability company pursuant to Rule 4(h) of the Federal Rules of Civil Procedure).

Florida Statutes provide that process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent.  Fla. Stat. § 48.062(1).  Each limited liability company shall designate and continuously maintain in this state a registered office.  Fla. Stat. § 605.0113(1)(a).  The registered agent must be an individual who resides in this state or a foreign or domestic entity authorized to transact business in this state and whose business address is identical to the address of the registered office.  Fla. Stat. § 605.0113(1)(b)(1).

For DABTLC5, the Affidavit of Service states that on March 2, 2017, a process server for On Time Process Service delivered a true copy of the Summons and the Complaint to David A. Berger, who is a registered agent for DABTLC5, at 2909 Shelton Way, Plano, TX 75093.  Doc. 17.  For Newline, the Proof of Service states that on February 13, 2017, a special process server personally served the summons

upon Newline c/o Agent Lawrence C. Rubin at 111 E. Wacker Drive, #2800, Chicago, IL, 60601.  Doc. 13.  A search of the Office of the Illinois Secretary of State website reveals that Newline's registered agent is Lawrence C. Rubin at 111 E. Wacker Dr. Ste. 2800, Chicago, IL 60601.[1]  Affidavits by process servers constitute a prima facie showing that defendants have been served.  *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).  Service of process upon Newline and DABTLC5 therefore was properly effected under Rule 4(h) of the Federal Rules of Civil Procedure.

With regard to the State of Florida, Rule 4(j) of the Federal Rules of Civil Procedure governs service of process upon a state, a municipal corporation, or any other state-created governmental organization that is subject to a lawsuit.  Fed. R. Civ. P. 4(j)(2).  Pursuant to Rule 4(j), the process server may deliver a copy of the summons and the complaint to the chief executive officer, or serve a copy of the summons and the complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).  In Florida, service of process against the state "shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney

---

[1] https://www.ilsos.gov/corporatellc/CorporateLlcController

General." Fla. Stat. § 48.121.

Here, the Proof of Service states that on February 21, 2017, Victa M. Santiago, a revenue officer, served the summons on Sandy Okey, who is designated by law to accept service of process on behalf of the state attorney's office. Doc. 16. Neither the Proof of Service nor the present motion, however, alleges that Plaintiff sent two copies of the process by registered or certified mail to the Attorney General, pursuant to section 48.121 of the Florida Statutes. Fla. Stat. § 48.121. As a result, it is not clear whether service of process upon the State of Florida was properly effectuated.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Here, Newline, DABTLC5, and Winland have failed to do so within the time period; therefore, the entry of Clerk's Default as to Newline, DABTLC5, and Winland pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Application for Entry of Default against Defendants Douglas Winland, Newline Holdings, LLC, DABTLC5, LLC and the State of Florida (Doc. 28) is **GRANTED in part**.

2. The Clerk is directed to enter a Clerk's Default against Defendants Douglas Winland, Newline Holdings, LLC, and DABTLC5, LLC.

      3.    Plaintiff's Application for Entry of Default against the State of Florida is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record