UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS WINLAND, SHERRY JEAN HETZ, NEWLINE HOLDINGS, LLC, LARRY HART, DABTLC5, LLC and STATE OF FLORIDA,

    Defendants.

Case No: 2:17-cv-63-FtM-38CM

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Entry of Default against the State of Florida (Doc. 33) filed on April 10, 2017. Plaintiff seeks a Clerk's entry of default as to the State of Florida. Doc. 33. On February 23, 2017, Plaintiff filed a Proof of Service. Doc. 16.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Rule 4(j) of the Federal Rules of Civil Procedure governs service of process upon a state, a municipal corporation, or any other state-created governmental organization that is subject to a lawsuit. Fed. R. Civ. P. 4(j)(2). Pursuant to Rule 4(j), the process server may deliver a copy of the summons and the complaint to the chief executive officer, or serve a copy of the summons and the complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In Florida, service of process against the state "shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General." Fla. Stat. § 48.121.

Here, the Proof of Service states that on February 21, 2017, Victa M. Santiago, a Revenue Officer, served the summons on Sandy Okey, who is designated by law to accept service of process on behalf of the state attorney's office. Doc. 16. Plaintiff also alleges that Plaintiff sent two copies of the process by certified mail to the Florida Attorney General on February 23, 2017. Doc. 31. Service of process upon the State of Florida therefore was properly effected under Rule 4(j) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons

and complaint. Here, the State of Florida failed to do so within the time period; therefore, the entry of Clerk's Default as to the State of Florida pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Application for Entry of Default against the State of Florida (Doc. 33) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant the State of Florida.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record