UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DOUGLAS WINLAND, SHERRY JEAN HETZ, NEWLINE HOLDINGS, LLC, LARRY HART, DABTLC5, LLC and STATE OF FLORIDA,

    Defendants.

Case No: 2:17-cv-63-FtM-38CM

## ORDER

This matter comes before the Court upon review of the United States' Unopposed Motion to Stay Preliminary Pretrial Conference ("PPTC") (Doc. 38) filed on April 26, 2017. Plaintiff seeks to stay the PPTC scheduled on May 3, 2017 pending the judicial resolution of Plaintiff's motion for default judgment (Doc. 37). Doc. 38 at 1. Defendant Larry Hart, Lee County Tax Collector ("Tax Collector"), does not oppose the requested relief. *Id.*

On February 1, 2017, Plaintiff filed a Complaint, seeking to reduce Defendant Douglas Winland's ("Winland") unpaid federal income tax liabilities to judgment and to foreclose federal tax liens on a single family residence (the "Subject Property") held by Winland's nominee and/or transferee. Doc. 1 at 1. Plaintiff alleges that Defendant Sherry Jean Hetz ("Hetz") holds title to and lives in the Subject Property. *Id.* ¶ 7. Plaintiff named the remaining defendants as parties because they may claim

an interest in the Subject Property. *Id.* at 3. On March 7, 2017, the Court scheduled a PPTC on May 3, 2017. Doc. 21. On April 25, 2017, the Court directed the parties to file a Case Management Report ("CMR") on or before April 28, 2017 or show cause in writing as to why they are unable to do so. Doc. 36.

On April 26, 2017, Plaintiff filed the present motion, stating that Tax Collector is the only defendant who appeared in this case. Doc. 38 at 2. Plaintiff alleges that Tax Collector has entered into a stipulation (Doc. 32) with Plaintiff and agreed to the respective priority of the County's liens on the Subject Property and the terms of any foreclosure and order of sale of the Subject Property. *Id.* Plaintiff argues that the remaining defendants, the State of Florida, DABTLC5, LLC, Newline Holdings, LLC, Winland, and Hetz have not filed responsive pleadings, and their time to do so expired. *Id.* As of this date, the Clerk has entered default against Defendants the State of Florida, DABTLC5, LLC, Newline Holdings, LLC, Winland, and Hetz. Docs. 25, 30, 35. As a result, Plaintiff argues that the judicial resolution of its pending motion for default judgment (Doc. 37) may resolve this matter and eliminate the need for a PPTC. Doc. 38 at 2.

Under Local Rule 3.05(c)(2)(D), the Court either schedules a PPTC or enter a Case Management and Scheduling Order upon receipt of the parties' CMR. M.D. Fla. R. 3.05(c)(2)(D). Rule 16(b)(2) of the Federal Rules of Civil Procedure mandates the Court to issue the scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared" unless the Court finds good cause for delay. Fed. R. Civ. P. 16(b)(2).

"This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). Here, the Court finds good cause for delay because as Plaintiff alleges, the judicial resolution of Plaintiff's motion for default judgment may eliminate the need for a PPTC. Doc. 38 at 2. As a result, the Court will cancel the PPTC scheduled on May 3, 2017 and reschedule one, if necessary. Doc. 36.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The United States' Unopposed Motion to Stay Preliminary Pretrial Conference (Doc. 38) is **GRANTED**.

2. The Preliminary Pretrial Conference scheduled on May 3, 2017 is **CANCELLED**.

3. The Court will take **no further action** on the Order to Show Cause (Doc. 36).

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record